WESTERN DIST.
Oct. 1838.

FRIEND
vs.
BOWMAR.

ting particular evidence.
On a *quantum meruit*, the plaintiff cannot recover for *extra* work, alleged to have been done.

---

### FRIEND vs. BOWMAR.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE OF THE FIFTH PRESIDING.

Where the testimony shows the ownership of the note sued on, to be in the plaintiff at the institution of suit, he will recover, notwithstanding his attorney may have improperly erased the blank endorsements showing the regular transfer by endorsement to him.

This is an action against the maker of a promissory note, for eleven hundred dollars, payable to the order of one Levi Guice, and by him endorsed in blank. The note was given for part of the price of a tract of land, for which a mortgage was retained to secure payment.

The petitioner alleges, that Guice endorsed said note in blank and transferred it and the mortgage to E. K. Wilson, by a notarial act, who endorsed it in blank and assigned it and the mortgage by notarial act to Joseph Friend, who in like manner assigned and transferred the note and mortgage to George Row, and was by him transferred to the petitioner, without any endorsement or written assignment. He further alleges that he is the true owner of said note, but that G. W. Copley, his attorney, through error partially erased said endorsements: That the defendant afterwards mortgaged the land already mortgaged to secure the payment of this note, to one C. S. Abercrombie, of Mississippi, to secure a certain sum of money

therein named, and that an order of seizure and sale had been obtained, and the land advertised to be sold under said last mentioned mortgage. He prays for judgment, and that the mortgaged premises be sold to satisfy the same, and that the proceedings under the order of seizure, taken out on Abercrombie's mortgage, be stayed and it declared null, as being made in fraud.

The defendant pleaded a general denial, and *res judicata*. That judgment had already been obtained against him on said note by S. Guice the original payee ; and that the mortgage in favor of Abercrombie is *bonà fide*. He avers he has sustained damages to the amount of two thousand dollars by this vexatious proceeding of the plaintiff, for which he prays judgment in reconvention.

On these pleadings and issues the case was tried. Upon the evidence adduced there was judgment for the plaintiff for the amount of the note, with mortgage, and the mortgaged premises to be sold, &c. The defendant appealed.

*Downs,* for the plaintiff.

*M'Guire,* for the appellant.

*Carleton, J.,* delivered the opinion of the court.

The plaintiff alleges that he is the holder of a promissory note, executed by the defendant in favor of Levi Guice, by whom it was endorsed in blank, and also transferred by notarial act to Ephraim K. Wilson, who also endorsed the same in blank, and transferred it by notarial act to Joseph Friend, who likewise endorsed it in blank, and transferred it by notarial act to George Row, by whom it was transferred to the petitioner, by mere delivery. There was judgment for the plaintiff and the defendant appealed.

The appellant insists that Row was in truth the owner of the note, on the 25th of August, 1837, the date of the institution of the suit ; and to establish this fact relies upon the testimony of his counsel, Robert F. M'Guire, who declares that Row told him that the note sued on was his property,

and that this declaration was made to him a very short time after the commencement of the suit.

WESTERN DIST.
Oct. 1838.

The witness, M'Guire, adverts in his testimony to the document marked D, in the records, which is signed by Row, and made part of the evidence in the case. In this document Row declares, that he transferred the note to the plaintiff in the month of June next preceding the institution of the suit; and moreover attests to all the endorsements set out in the petition.

From this testimony it clearly appears, that the ownership of the note was in the plaintiff at the time of the institution of the suit, independently of the presumption of property which the law attaches to the possession. It appears furthermore, that the blank endorsements on the note were erased by Copley, the plaintiff's counsel, after it was put in his hands for collection. Whatever may have been the motive of the attorney in making the erasures, we think this unauthorized act ought not to prejudice the plaintiff, in whom the right to the note had fully vested.

Where the testimony shows the ownership of the note sued on to be in the plaintiff, at the institution of suit, he will recover, notwithstanding his attorney may have improperly erased the blank endorsements, showing the regular transfer by endorsement to him.

We are of opinion that the judgment of the court below ought to be affirmed; but that it is not a proper case for damages as prayed for in the answer on the appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.